# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN D. KIDERLEN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:08CV1067 TIA |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Steven Kiderlen (registration no. 183427), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.17. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the State of Missouri, the Division of Adult Institutions, the Missouri Department of Corrections, Farmington Correctional Center ("FCC"), Alan Luebbers, Patricia Cornell, H. Hale, Joni Light, Unknown Hays, Unknown Janz, Unknown White, and Steven Bingham. The complaint seeks monetary and injunctive relief.

Plaintiff alleges that he was an inmate at FCC on August 24, 2006. Plaintiff claims that on that date he was moved to a different housing unit but was not allowed to pack his own property. Plaintiff alleges that defendant Hale packed his property and put it into a storage unit.

Plaintiff says that he returned to his former housing unit on February 5, 2007. Plaintiff claims that when he went to claim his property from the storage unit, he discovered that several items had been stolen. Plaintiff does not allege that any of the named defendants stole the property. Plaintiff alleges that he has not been properly compensated for the missing items, which had a total value of $1,574.00. Plaintiff claims that defendants are generally responsible for ensuring that the policies relating to inmates' property are enforced.

**Discussion**

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The allegations in the complaint sound in negligence and, as a result, do not rise to the level of a constitutional deprivation. In consequence, the complaint fails to state a claim upon which relief can be granted.

Additionally, there is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for

recovery of personal property.  Id.; Mo. R. Civ. P. 99.01-99.15.  As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this   20th   Day of August, 2008.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE